# Riesmeyer *v.* O'Day, Appellant.

*Appeals—Assignments of error—Insufficient assignment—Failure to set out order.*

1. In order to make the record of a case intelligible the assignments of error must be self sustaining.

2. An assignment of error to an order of the lower court making absolute a rule for judgment for want of a sufficient affidavit of defense, must set out the order in so many words.

3. If an assignment of error refers to the opinion of the court below it should indicate the page of the paper-book where the opinion may be found.

*Landlord and tenant—Lease—Alteration of lease—Affidavit of defense.*

4. In an action for rent an affidavit of defense is insufficient which does not deny the defendant's signature, but merely avers that the lease in suit is "another or a previously subsisting document of that character, with the numerals 1908, by some one (other than herself and wholly without her consent) substituted for an earlier date-year, before or originally (correctly) written thereon."

5. Such an affidavit is insufficient in that it does not give the date or terms of any "previously subsisting document," nor distinctly say in what respect the paper was altered, nor within what time it was done.

68      RIESMEYER *v.* O'DAY, Appellant.

Statement of Facts—Opinion of Court below.    [45 Pa. Superior Ct.

Argued April 22, 1910. Appeal, No. 108, April T., 1910, by defendant, from order of C. P. No. 4, Allegheny Co., Third Term, 1909, No. 578, making absolute rule for judgment for want of a sufficient affidavit of defense in case of John R. Riesmeyer v. Kate O'Day. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for rent.

Rule for judgment for want of a sufficient affidavit of defense.

SWEARINGEN, P. J., filed the following opinion:

This action was brought by John R. Reismeyer against Kate O'Day to recover rent alleged to have accrued under a lease, to wit: The sum of $50.00, which fell due on April 1, 1909, and the sum of $15.00, being a portion of that which fell due March 1, 1909, aggregating $65.00 with interest from April 1, 1909. A copy of the lease is attached to the statement of demand. It shows that the lease was dated May 1, 1908, and that, thereby, the premises, No. 94 Washington street, Pittsburg, Pennsylvania, were let to the defendant for the term of one year from May 1, 1908, at the annual rental of $600, "payable monthly, in advance;" that is $50.00 "on the first day of May" and so on from month to month. The lease contained the covenant that the lessee would pay the rent in the manner aforesaid. In the statement of demand, after averring the lease, it is alleged that the plaintiff took possession of said premises and occupied them during said term.

To this statement of demand the defendant filed an affidavit of defense and, thereupon, the plaintiff entered a rule for judgment for want of a sufficient affidavit of defense. At the argument of said rule it appeared that the defendant had not demanded an inspection of the lease and had not denied her signature thereto. The defendant's counsel then requested the court to withhold

its decision and give time to the defendant to inspect the lease and, if necessary, to allow the filing of a supplemental affidavit of defense. These requests were granted, and the defendant has presented a supplemental affidavit of defense, which we have allowed to be filed, and the same has been considered in disposing of this rule.

In her original affidavit of defense the defendant did not deny the execution of said lease. She averred that "if there be articles of lease extant" the instrument must be a "date- or year- altered paper." But she did not demand an inspection of the paper. This affidavit was clearly insufficient.

In her supplemental affidavit of defense the defendant avers that she has examined the lease, and she declares that it is "another or a previously subsisting document of that character, with the numerals 1908 by some one (other than herself and wholly without her consent), substituted for an earlier date-year, before or originally (correctly) written thereon." This appears to be a very indefinite and uncertain description of a paper and of any alteration therein. The affidavit does not give the date or terms of any "previously subsisting document," nor does she distinctly say in what respect the paper was altered, nor within what time the same was done. She gives no facts, from which the court can ascertain the issue which is to be submitted for trial. Such vague and general allegations, descriptive of a paper and averring alterations therein, are not sufficient in an affidavit of defense, under our statutes and our rules of court. The original lease was submitted to us upon the argument, and, in our opinion, it does not show an alteration in the manner which seems to be stated in this supplemental affidavit of defense. Neither the affidavit of defense nor the supplemental affidavit of defense denies the defendant's signature to the lease, and we do not think either of them sufficiently avers an alteration, which would require the case to be submitted to a jury.

And, now, to wit, September 30, 1909, after argument

70 RIESMEYER *v.* O'DAY, Appellant.

Opinion of Court below—Opinion of the Court. [45 Pa. Superior Ct.

and upon consideration, the rule for judgment for want of sufficient affidavit of defense is made absolute.

*Errors assigned* were in the following form:
The court erred in that

1. The affidavits filed do aver a good and sufficient defense.

2. There has been here raised an issue of fact or facts in defense sufficient for, and only legally determinable in court by, a jury; because whereof the right of trial should not have been denied defendant.

3. Defendant has been deprived of her constitutional right of trial by jury, in this final judgment; because ordered against and notwithstanding her ungainsaid averments, directed to the contrary.

4. The case should have been (should be) submitted to a jury.

5. The opinion shows and works a usurpation of the reserved prerogative for and power of the jury.

6. The rule should have been discharged, not made absolute; and judgment thereon should not have been entered against defendant.

*William A. Golden,* for appellant.

*C. C. Dickey,* with him *W. K. Shiras,* for appellee.

OPINION BY BEAVER, J., December 12, 1910:

We have endeavored in many ways, and on many occasions, to impress the profession with the fact that the record of a case in our court, after the return of the record to the court below, ordinarily consists of the assignments of error and the opinion of the court, and that, in order to make the record of a case intelligible, the assignments of error must be self-sustaining.

In the present case, we have a clear and explicit decree, simply and easily understood, which is as follows: "And now, to wit, September 30, 1909, after argument

and upon consideration, the rule for judgment for want of sufficient affidavit of defense is made absolute."

We have six several assignments of error, in not one of which is the decree quoted or the rule upon which the decree is founded specifically set forth. The nearest approach to this is perhaps in the third assignment of error, which is "Defendant has been deprived of her constitutional right of trial by jury, in this final judgment; because ordered against and notwithstanding her ungainsaid averments, directed to the contrary." What judgment is here referred to? And sixth, "The rule should have been discharged, not made absolute; and judgment thereon should not have been entered against defendant." What rule? And what was the judgment thereon entered against the defendant? We can, of course, infer, particularly after reading the decree of the court, that it was a rule for judgment for want of a sufficient affidavit of defense, but this nowhere appears, and the decree of the court is not set forth in any of the assignments of error.

The fifth assignment is: "The opinion shows and works a usurpation of the reserved prerogative for and power of the jury." Not a word of the opinion is set forth and indeed it is only found, by leafing over the paper-book, at the close of the appendix. Our rules, therefore, in regard to the make-up of the paper-book and the assignments of error are both disregarded. The former is rule XXVI, and the latter rule XV.

It would be entirely proper, therefore, for us to quash this appeal, but as no motion to this effect has been made by the appellee, we dispose of it upon its merits, and, in doing so, it is only necessary to say that the opinion of the court below covers the ground very fully, and, for the reasons therein stated, the judgment is affirmed.